FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 28, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTINE F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:17-CV-00429-JTR <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 16, 17. Attorney Dana C. Madsen represents Kristine F. (Plaintiff); Special Assistant United States Attorney Sarah L. Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 15. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on March 31, 2014, Tr. 92-93, alleging

ORDER GRANTING PLAINTIFF'S MOTION - 1

disability since February 28, 2011, Tr. 223, 230, due to depression, arthritis, degenerative bone loss, right clavicle injury, right shoulder injury, high blood pressure, her back, and Human T-lymphotropic virus (HTLV) types I and II. Tr. 252. The applications were denied initially and upon reconsideration. Tr. 158-61, 164-69. Administrative Law Judge (ALJ) R.J. Payne held a hearing on July 20, 2016 and heard testimony from Plaintiff, medical expert Lynn Jahnke, M.D., psychological expert Nancy Winfrey, Ph.D., and vocational expert Daniel McKinney. Tr. 41-91. The ALJ issued an unfavorable decision on August 31, 2016. Tr. 20-35. The Appeals Council denied review on October 25, 2017. Tr. 1-5. The ALJ's August 31, 2016 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff initiated this action for judicial review on December 21, 2017. ECF Nos. 1, 6.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 50 years old at the alleged date of onset. Tr. 223. The highest grade Plaintiff completed was the ninth. Tr. 253. Her reported work history includes the jobs of bartender and cashier. *Id*. When applying for benefits Plaintiff reported that she stopped working on February 28, 2011 because of her conditions. Tr. 252.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is

not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is

made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**ADMINISTRATIVE DECISION**

On August 31, 2016, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from February 28, 2011 through the date of the decision.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 28, 2011, the alleged onset date. Tr. 22.

At step two, the ALJ determined that Plaintiff had the following severe impairments: arthritis of the shoulders with a history of orthopedic surgery; degenerative disc disease of the lumbar spine; a history of left knee surgery; obesity; an anxiety disorder; and an affective disorder. Tr. 22-23.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 23.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of light work with the following limitations:

> The claimant can lift 20 pounds at a time occasionally, and lift or carry 10 pounds frequently; cannot climb ladders, ropes, or scaffolds: can occasionally crawl; cannot work around heavy industrial-type vibration, or unprotected heights; and can frequently reach overhead with the left upper extremity. Mentally the claimant requires low stress level work; e.g., no managerial positions with responsibility for other employees.

Tr. 26-27. The ALJ identified Plaintiff's past relevant work as bartender, liquor establishment manager, and cashier checker and found that she could perform the past relevant work of bartender and cashier checker. Tr. 32.

As an alternative to an unfavorable decision at step four, the ALJ made a step five determination that, considering Plaintiff's age, education, work experience, transferable skills, and residual functional capacity, and based on the

testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of sales clerk, telemarketer, and general clerk. Tr. 33-34. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from February 28, 2011, through the date of the ALJ's decision. Tr. 34.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly consider Plaintiff's symptom statements, (2) failing to properly consider the medical opinion of John F. Arnold, Ph.D., (3) finding that Plaintiff had any transferable skills, and (4) relying on the vocational expert's testimony regarding Plaintiff's past relevant work.

## DISCUSSION[1]

**1.     Plaintiff's Symptom Statements**

Plaintiff challenges the ALJ's determination that her symptom statements were unreliable. ECF No. 16 at 11-12.

It is generally the province of the ALJ to determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*,

---

[1] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent Lucia applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms to be "not entirely consistent with the medical evidence and other evidence in the record." Tr. 30. Specifically, the ALJ found that Plaintiff's reported symptoms were not supported by the medical evidence. Tr. 27-32.

An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (the ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (Although it cannot serve as the sole ground for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects."). While the ALJ dedicated a significant portion of his decision setting forth specific complaints by Plaintiff and comparing them to specific objective evidence in the record, *see* Tr. 27-32, this reason alone is insufficient to support his determination. Therefore, the case is remanded for the ALJ to properly evaluate Plaintiff's symptom statements considering the factors set forth in S.S.R. 16-3p and the specific, clear and convincing standard set forth by the Ninth Circuit.

Defendant argues that the ALJ met the requirements of S.S.R. 16-3p and the Ninth Circuit standard of specific, clear and convincing by setting forth repeated

examples of Plaintiff's symptom statements not being supported in the objective medical evidence. ECF No. 17 at 6-10. However, without another reason provided by the ALJ for rejecting Plaintiff's symptom statements, his decision that Plaintiff's statements are not supported by the medical evidence *and other evidence in the record* cannot be affirmed.

**2.     John F. Arnold Ph.D.**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions[2] expressed by Dr. Arnold. ECF No. 16 at 12-15.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31. The specific and legitimate standard can be

---

[2]Defendant asserts that Plaintiff did not properly challenge the 2013 opinion in her initial briefing. ECF No. 17 at 11. However, since the case is being remanded for the ALJ to properly address Plaintiff's symptom statements and the ALJ failed to differentiate between these two opinions in his decision, the Court addresses both opinions in this section.

met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Dr. Arnold first examined Plaintiff on September 30, 2013 and completed a Psychological/Psychiatric Evaluation for the Washington Department of Social and Health Services (DSHS). Tr. 352-55. He diagnosed Plaintiff with dysthymic disorder, generalized anxiety disorder, and rule out somatoform disorder. Tr. 353. He opined that she had a marked limitation in three areas of basic work activity and a moderate limitation in eight areas of basic work activity. Tr. 354. He opined that Plaintiff would be impaired with available treatment for twelve months. *Id*.

Dr. Arnold examined Plaintiff a second time on July 28, 2015 and completed a Psychological/Psychiatric Evaluation for DSHS. Tr. 423-27. He diagnosed her with persistent depressive disorder, generalized anxiety disorder, and rule out somatic symptom disorder. Tr. 424. He opined that she had marked limitations in four functional activities and a moderate limitation in seven functional activities. Tr. 425. He opined that Plaintiff would be impaired with available treatment for fifteen months. Tr. 426.

The ALJ considered Dr. Arnold's opinions simultaneously in one paragraph without mentioning his name. Tr. 30-31. He gave the opinions little weight for six reasons: (1) they appeared substantially based on Plaintiff's self-reported symptoms; (2) they were conducted for a purpose separate and distinct from the Social Security disability determination; (3) they were conducted for the purpose of determining Plaintiff's eligibility for state welfare assistance; (4) there was no treating relationship; (5) the opinions were expressed on a check-the-box form with little objective evidence to support them; and (6) they were not consistent with the

opinions of Dr. Dowell, the two reviewing psychologists, and Dr. Winfrey. *Id*.

The ALJ's first reason for rejecting the opinions, that they appeared to be based on Plaintiff's self-reported symptoms, is not specific and legitimate. A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). However, the ALJ must provide the basis for his conclusion that the opinion was based on a claimant's self-reports. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, the ALJ provides no such basis. Tr. 30-31. Therefore this reason fails to meet the specific and legitimate standard.

The ALJ's second reason for rejecting the opinions, that they were conducted for a purpose other than Social Security disability determinations, is not specific and legitimate. The Ninth Circuit has held that in disability proceedings "the purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them." *Lester,* 81 F.3d at 832.

The ALJ's third reason for rejecting the opinions, that they were conducted for state welfare eligibility, is not specific and legitimate. The ALJ specifically found that individuals have an incentive to overstate symptoms and complaints when attending an examination to determine eligibility for benefits. Tr. 31. The regulations require every medical opinion is to be evaluated, regardless of its source. 20 C.F.R. §§ 404.1527(c), 416.927(c); *Lester,* 81 F.3d t 832 ("the purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them."). Furthermore, if the ALJ's logic was accepted, all the consultative examinations performed for determining eligibility for Social Security benefits, such as that of Dr. Dowell in this case, would be considered suspect.

The ALJ's fourth and sixth reasons for rejecting the opinions, that there was no treating relationship and the opinion was contradicted by other psychologists, are not specific and legitimate. The ALJ is required to consider the extent of the

relationship a claimant has with the doctor providing the opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c). However, the fact that an opinion is provided by an examining psychologist and is contradicted by other psychologists in the record speaks to the standard the ALJ is required to meet in order to reject the opinion. *Orn*, 495 F.3d at, 631; *Lester*, 81 F.3d at 830-31. Without some other specific and legitimate reason, these are not sufficient to support rejecting the opinions.

The ALJ's fifth reason for rejecting the opinions, that they were contained on a check-the-box form not supported by objective evidence, is not specific and legitimate. The Ninth Circuit has expressed a preference for narrative opinions over opinions expressed on a check-the-box form. *See Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). However, check-the-box forms that do not stand alone, but are supported by records should be "entitled to weight that an otherwise unsupported and unexplained check-box form would not merit." *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014). Neither of Dr. Arnold's opinions stood alone. They were accompanied with objective testing. The 2013 opinion contains Rey testing, Trails A and B testing, and a Mental Status Examination. Tr. 353, 355. All these test results were within normal limits except for an abnormal mood and affect. *Id*. The 2015 opinion was accompanied by the same testing and these revealed abnormal mood, affect, and memory. Tr. 424, 426-27. Therefore, the question becomes whether the objective evidence supported the degree of limitations opined. *See Bayliss*, 427 F.3d at 1216 (finding that an ALJ may cite to internal inconsistencies between the examiner's report and his opinion.). Here, the ALJ failed to make specific findings that specific test results were inconsistent with specific limitations. Instead, he provided a general conclusion that the forms contained "few references to object findings in support of the degree of limitations opined." Tr. 31. Therefore, upon remand the ALJ will address both of Dr. Arnold's opinions.

The Court recognizes that Plaintiff also challenged the opinion of A. Peter

Weir, M.D. in her Reply Brief. ECF No. 18. Considering the case is being remanded, the ALJ will readdress this opinion along with the other medical opinions in the record.

**3.  Transferable Skills and Vocational Expert Testimony**

Plaintiff argues that the ALJ erred in finding that Plaintiff had transferable skills from her past relevant work and that the vocational expert's testimony was unreliable due to his false assumptions regarding her past relevant work. ECF No. 16 at 10-11, 15-16.

Upon remand, the ALJ is required to make a new residual functional capacity determination in light of his errors in addressing Plaintiff's symptom statements and the medical opinions of Dr. Arnold. Therefore, he will also call a vocational expert at the hearing, allow Plaintiff to testify regarding her past relevant work, and make new step four and five determinations.

## REMEDY

Plaintiff argues that the ALJ's errors are harmful and the appropriate remedy is to remand for an immediate award of benefits. ECF No. 16 at 16-17. The Court agrees that the ALJ's errors were harmful, but finds that a remand for additional proceedings to be the appropriate remedy.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*,

859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to properly consider Plaintiff's symptom statements and to properly address the medical opinions in the record. Additionally, the ALJ will supplement the record with any outstanding evidence, allow Plaintiff to testify regarding her past relevant work, and call a vocational expert to testify at a remand hearing.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED February 28, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE